UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WERONIKA JANCZUK,<br><br>                                  Plaintiff,<br><br>             -against-<br><br>UNITED STATES OF AMERICA,<br><br>                                 Defendant. | 24-CV-3749 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Weronika Janczuk, who is appearing *pro se*, filed this action invoking the court's federal question jurisdiction and seeking injunctive relief. She sues the United States of America. By order dated July 22, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff asserts that the events giving rise to her claims occurred between 2019 and the present, "in all places beyond normatively innovative wherein minds and emotions potencies and actualities clash."[1] (ECF 1, at 2.) Plaintiff leaves blank the "facts" section of her complaint, but the relief she seeks includes the following:

> For the USA to immediately vouch for the designing, algorithmic-running, and publishing of a database -- even in or ultimately in -- ciphered format, containing all possible phrases and sentences available to the English language, codifying its creation and more in immediate pursuit, including all slang, logisms, academic keywords, etc.
>
> For the USA to establish a legally-binding framework for the determination of the quality of sentences as they arise unto publication.
>
> For the USA to establish the legality of ever reviewing sentences from databases as against pedagogical frameworks of authenticity and otherwise carving out a method for understanding tendencies-psychiatrically-incapacitated as well as--into new realms--tendencies-psychiatrically-competent-and-hungering-and-curious-and-capable, to find ways to review those things that persons ought know or can know (noting the quantity that would require being read, and how), unto the point of requiring that all things written be new somehow in publications of the future, including reviewing all as legal and accounted-for with the right keyword searches and otherwise, herein concerned about habits that give rise to plagiarism and false knowledge bases that stimulate-wrongly the innard life of persons without inner patience and spontaneous hunger and competency for growth-from-within.

(*Id*. at 2.)

## DISCUSSION

The Court must dismiss Plaintiff's claims against the United States of America under the doctrine of sovereign immunity. This doctrine bars federal courts from hearing all suits against

---

[1] Plaintiff uses the court's general complaint form. However, the copy she provides includes the duplication of some of the information, words squished together, and the use of irregular capitalization. For readability, the Court uses standard spacing and capitalization when quoting from the complaint. All other spelling, grammar, and punctuation are as in the original unless otherwise indicated.

the federal government except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).

Plaintiff alleges no facts or legal provisions that suggest that the doctrine of sovereign immunity has been waived with respect to her claims against the United States of America. The Court therefore dismisses Plaintiff's claims against the United States of America under the doctrine of sovereign immunity, and consequently, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because it appears that the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Court dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). All other matters in this case are terminated.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this case.

SO ORDERED.

Dated: August 26, 2024
New York, New York

      /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge